27 F.(2d)—34

**MORDELL v. DORAN, Prohibition Commissioner, et al.**

Circuit Court of Appeals, Third Circuit.
June 20, 1928.

No. 3796.

Intoxicating liquors ⟷106(2)—Disappearance of 10 barrels of alcohol overnight warranted Commissioner's finding that liquor was improperly diverted by permittee, justifying revocation of permit.

Disappearance of 10 barrels of denatured alcohol, for which permittee was liable, overnight, was fact on which Commissioner could properly base finding that liquor was improperly diverted by permittee, justifying revocation of permit.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

S. O. Wing, Prohibition Administrator, revoked the permit of Irvin Mordell, trading as the Mordell Manufacturing Company. The permittee sued James M. Doran, Prohibition Commissioner, and the Administrator, to set aside the revocation and for an injunction. The revocation was sustained, and the permittee appeals. Affirmed.

Michael Serody and Benjamin M. Golder, both of Philadelphia, Pa., for appellant.

Warren C. Graham, Howard Benton Lewis, Asst. U. S. Atty., and Richard Hay Woolsey, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. In this case the prohibition administrator revoked the permit of Irvin Mordell. The case was reviewed by a hearer and the court below, and revocation sustained.

Examination of the proofs discloses no error. 10 barrels of denatured alcohol, for which the permittee was liable, disappeared overnight. He alleged they were stolen, but his proofs failed to satisfy the prohibition administrator of the integrity of his alleged explanation. In that regard the court below held, and we reach the same conclusion, "that the disappearance of the liquor under the circumstances in this case is a fact upon which the Commissioner could properly base a finding that the liquor was improperly diverted by the permittee."

Without, therefore, discussing other contentions, we limit ourselves to affirming the decree below.