**SINGER v. DORAN, Prohibition Commissioner of the United States, et al.**

District Court, E. D. Pennsylvania. April 17, 1929.

No. 4689.

532

Patrick J. Friel, of Philadelphia, Pa., for plaintiff.

R. H. Woolsey, Legal Adviser to Prohibition Administrator, and G. W. Coles, U. S. Atty., both of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge. This is a bill in equity to review the action of the prohibition administrator revoking the plaintiff's permit to use specially denatured alcohol for manufacturing hair tonic, toilet water, rubbing liniment, and disinfectant spray.

The record on which the permit was revoked shows that, during the six months previous to the revocation, on each occasion on which the permittee received specially denatured alcohol from the denaturing plant, his place of business was visited by prohibition inspectors for the purpose of checking the quantity of alcohol received by him, and also the amount on hand. On most of these occasions, the permittee manufactured a quantity of his finished product in the presence of the inspectors, using in each case only a portion of the alcohol just received by him. The balance of the alcohol not used in manufacturing was placed in his storeroom, the door of which was sealed with a paper seal by the agents, and upon the first and possibly subsequent occasions he was told that when he again intended to manufacture he would have to notify the administrator in order that inspectors might be sent to witness the process. There is no evidence as to how or by what authority the practice of allowing manufacture only upon notice to the prohibition administrator and in the presence of inspectors came to be established (if indeed it was established). There is nothing in the law or regulations and nothing in the terms of the permit which requires it. Very likely it was the result of a voluntary agreement by the permittee at the time he received his permit, although this is of no particular importance.

█ The administrator's action was based upon a finding by his hearer to the effect that certain specially denatured alcohol was diverted. When a permittee who, under his permit, has received specially denatured alcohol, disposes of the same under circumstances from which he should know or reasonably believe that it will be redistilled for beverage purposes or otherwise illegally used, he is not in good faith conforming to the provisions of the National Prohibition Act (27 USCA), and his disposition of the liquor, under such circumstances, is what the hearer refers to as a diversion. To constitute a diversion on which a revocation may be based, there must be proof that the permittee intended that a product should be devoted to an illegal use, or there must be circumstances of notice or knowledge from which such intent can properly be inferred. The burden of proof is upon the administrator. He cannot by mere notice that he intends to revoke, or citation, put the permittee upon proof, and require him to establish the legal disposition of his product and his good faith in disposing of it.

█ The evidence on which the administrator relies to sustain this revocation is the following:

(a) The fact that on each occasion on which the agents revisited the permittee's place of business they found that the balance of the specially denatured alcohol, which on

each previous visit they had left in the store-room under seal, had been removed, and was not on the premises.

(b) The fact that the records kept by the permittee were not in accordance with Regulation 3, art. 114, in that they did not in all cases give the names and addresses of persons to whom the product was stated to have been sold. In many instances there was merely a record of a cash sale with no name or address, and some of the sales had names but no addresses.

(c) The fact that one purchaser who, according to the permittee's records, had taken a considerable quantity of his product, was obviously not engaged in any legitimate business.

As to the removal of the alcohol, the hearer found correctly that the breaking of the seals did not violate any provision of the National Prohibition Act, or of any regulation. Nor can I find that, if it was actually manufactured and sold, there was any violation of either the act or regulations in not following the instructions to notify the department when the manufacture was to take place. There is no evidence that any of the alcohol passed out of the permittee's place of business without a record of some kind being made to show where it went. There is no evidence that it passed out of the permittee's place of business otherwise than in the ordinary course of the permittee's business. This is the point which differentiates this case from Mordell v. Doran (C. C. A.) 27 F.(2d) 529. There, there was a disappearance of 10 barrels of alcohol over night, obviously otherwise than in the course of business. In this case, however, the mere fact that the permittee manufactured and sold without notice to the prohibition department, in the absence of any regulation requiring him to give such notice, is not sufficient to require him to do more than show a record of the disposition of the alcohol.

The unsatisfactory condition of the permittee's records was not made a basis of the complaint or citation. The act clearly intended that the permittee should be called upon to meet only such charges as were covered by the notice to him. If the citation here had been based upon failure to keep records in accordance with the regulations, we would have an entirely different situation, but, in this case, the state of the permittee's records may be considered only as evidence bearing upon the question involved, which is the good faith of the permittee in disposing of his product.

As to the person, S. Feinberg by name, who, according to the records, received a considerable quantity of the product, there is absolutely no evidence that the permittee had any knowledge of his character or business. The law does not require that the permittee, in the absence of connivance on his part or knowledge of suspicious circumstances, take steps to ascertain the character of the persons to whom he sells his product. In fact, the provision of section 4 (27 USCA § 13) that his product after being manufactured is not subject to the act indicates a contrary intent.

I conclude that there is no evidence in this case upon which a finding could be properly based that the permittee was not in good faith conforming to the provisions of the law. There is considerable ground for suspicion, but "revocation must be based upon something more substantial than [mere] suspicion and speculation." Elsinore Perfume Co. v. Campbell (D. C.) 26 F.(2d) 745.

The action of the administrator is reversed.